UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: KASHI COMPANY MARKETING
AND SALES PRACTICES LITIGATION                                             MDL No. 2456


ORDER DENYING TRANSFER


**Before the Panel**: Pursuant to 28 U.S.C. § 1407, plaintiff in a Southern District of California action (*Saubers*) seeks centralization in the Southern District of California of this litigation regarding the alleged mislabeling of certain food products made by defendant Kashi Company (Kashi). This litigation consists of four actions pending in two districts as listed on Schedule A. Plaintiffs in the two other Southern District of California actions support plaintiff's motion, and the District of New Jersey plaintiffs do not oppose the motion. Kashi does not oppose centralization.

On the basis of the papers filed and the hearing session held, we will deny the motion for centralization. Although all actions share some factual issues regarding whether Kashi inappropriately listed "evaporated cane juice" or "evaporated cane juice crystals" as ingredients in numerous food products,[1] we are unconvinced, on the record before us, that those issues are sufficiently complex or

---

[1] The products at issue include: Cinnamon Harvest Cereal; Simply Maize Cereal; Whole Wheat Biscuits Berry Fruitful; Blackberry Hills Cereal; Kashi Steam Meals Italian Vegetable Medley Pasta; Black Bean Mango Frozen Entrée; Kashi Steam Meals Sesame Chicken; Kashi Steam Meals Chicken Fettuccine; Chicken Enchilada Frozen Entrée; Spicy Black Bean Enchilada Frozen Entrée; Mayan Harvest Bake Frozen Entrée; Chicken Pasta Pomodoro Frozen Entrée; Chicken Florentine Frozen Entrée; Lemongrass Coconut Chicken Frozen Entrée; Sweet & Sour Chicken Frozen Entrée; GoLean Instant Hot Cereal Truly Vanilla; GoLean Instant Hot Cereal Honey & Cinnamon; GoLean Instant Hot Cereal; GoLean Crisp Cinnamon Crumble; Kashi Squares Berry Blossoms; GoLean Cereal Crisp! Toasted Berry Crumble; Heart to Heart Cereal Warm Cinnamon Oat; Strawberry Fields Cereal; Whole Wheat Biscuits Island Vanilla; Black Currant Walnut Cereal; Blackberry Hills Cereal; Honey Sunshine Cereal; GoLean Crunch!; GoLean Crunch! Honey Almond Flax; GoLean Cereal Original; Good Friends Cereal Original; Whole Wheat Biscuits Almond Wheat; Whole Wheat Biscuits Cinnamon Harvest; Heart to Heart Cereal Honey Toasted Oat; Heart to Heart Oat Flakes and Blueberry Clusters; 7 Whole Grains Cereal Honey Puffs; 7 Whole Grains Cereal Puffs; 7 Whole Grain Cereal Flakes; Garlic Pesto Pita Crisps; Original 7 Grain with Sea Salt Pita Crisps; Toasted Asiago Snack Crackers; Fire Roasted Veggie Snack Crackers; Original 7 Grain Snack Crackers; Honey Sesame Snack Crackers; Chocolate Almond Butter Cookies; Oatmeal Dark Chocolate Cookies; Oatmeal Raisin Flax Cookies; Blueberry Waffles; 7 Grain Waffles; Apple Cobbler Soft n' Chewy Bars; Berry Muffin Soft n' Chewy Bars; Almond Soft-Baked Squares; Chocolate Soft-Baked Squares; Banana Chocolate Chip Soft n' Chewy Bars; Peanutty Dark Chocolate Layered Granola

(continued...)

numerous to warrant the creation of an MDL. Denying centralization is in accord with our previous decisions in other food product sales and marketing litigation. *See, e.g., In re: Nutella Mktg. and Sales Pracs. Litig.*, 804 F.Supp. 2d 1374 (J.P.M.L. 2011) (denying centralization of three actions concerning "alleged misrepresentations of Nutella as a healthy and nutritious food"); *In re: Skinnygirl Margarita Beverage Mktg. and Sales Pracs. Litig.*, 829 F.Supp.2d 1380, 1381 (J.P.M.L. 2011) (denying centralization of six actions where "the central allegation that Skinnygirl Margarita beverage was marketed as being all natural despite some level of sodium benzoate appears to be undisputed"). Given the apparent lack of factual complexity in this controversy, the small number of actions and districts, and the correspondingly limited number of involved counsel, we conclude that centralization would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the actions.

Various mechanisms are available to minimize or eliminate the possibility of duplicative discovery even without an MDL. In these circumstances, informal cooperation among counsel and coordination among the involved courts are, in our judgment, preferable to formal centralization. Notices of deposition can be filed in all related actions; the parties can stipulate that any discovery relevant to more than one action can be used in all those actions; or the involved courts may direct the parties to coordinate their pretrial activities. *See In re Crest Sensitivity Treatment and Prot. Toothpaste Mktg. and Sales Practices Litig.*, 867 F. Supp. 2d 1348 (J.P.M.L. 2012). Because all parties are amenable to proceeding in the Southern District of California, counsel may wish to dismiss the New Jersey action and refile it in the Southern District of California or seek Section 1404 transfer of the District of New Jersey action to the Southern District of California.

---

[1](...continued)
Bars; Cherry Vanilla Soft-Baked Cereal Bar; Peanut Butter & Chocolate GoLean Dipped Bars; Chocolate Malted Crisp GoLean Dipped Bars; Dark Mocha Almond Chewy Granola Bars; Dark Chocolate Coconut Layered Granola Bars; Ripe Strawberry Cereal Bars; Blackberry Graham Cereal Bars; Cinnamon Coffee Cake GoLean Crisp! Bars; Chocolate Pretzel CoLean Crisp! Bars; Trail Mix Chewy Granola Bars; Honey Almond Flax Chewy Granola Bars; Peanut Butter Chewy Granola Bars; Cherry Dark Chocolate Chewy Granola Bars; Honey Toasted 7 Grain Crunchy Granola Bars; Roasted Almond Crunch Crunchy Granola Bars; Pumpkin Spice Flax Crunchy Granola Bars; Chocolate Caramel GoLean Crisp! Bars; Chocolate Almond GoLean Crisp! Bars; Chocolate Peanut GoLean Crisp! Bars; Chocolate Turtle GoLean Roll! Bars; and Caramel Peanut GoLean Roll! Bars.

-3-

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | Paul J. Barbadoro |
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |

IN RE: KASHI COMPANY MARKETING
AND SALES PRACTICES LITIGATION                                              MDL No. 2456

## SCHEDULE A

<u>Southern District of California</u>

Nadine Saubers v. Kashi Company, C.A. No. 3:13-00899
Denelda Norwood v. Kashi Company, C.A. No. 3:13-00956
Jeanne Burns v. Kashi Company, C.A. No. 3:13-00959

<u>District of New Jersey</u>

Wendy Perel, et al. v. Kashi Company, C.A. No. 2:13-02369